FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 DEC 22  AM 10:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| AMERICAN LIBERTY INSURANCE COMPANY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-97-H-2045-S |
| | ) | |
| CHEM-SI, INC., d/b/a C.S.I. | ) | |
| DEFENDANT. | ) | |

ENTERED

DEC 2 2 1997

MEMORANDUM OF DECISION

This cause came on for consideration at the court's regularly scheduled motion docket held December 19, 1997 in Birmingham, Alabama. The court had before it the November 18, 1997 motion by defendant CHEM-SI, INC. d/b/a C.S.I. ("C.S.I.") to dismiss the complaint or alternatively, to quash service of process.

At the motion docket, counsel for C.S.I. informed the court that the parties had resolved all issues relating to service. The court would expect service to be undisputed based on the evidence submitted by plaintiff indicating that a copy of the complaint was personally served on Terri Shipley, the designated Secretary for C.S.I. See Exhibits A and B to December 15, 1997 Opposition by Plaintiff.

C.S.I. argued both in its motion and at the hearing that plaintiff's complaint should be dismissed because it fails to name an indispensable party, Greentree Condominium Associates, Inc.("Greentree"), the plaintiff in the underlying Florida state court action. Where the court has been asked to exercise its

discretion under 28 U.S.C. § 2201 to declare the rights and responsibilities of the insurance company to defend and indemnify the insured in relation to an underlying action, the plaintiff in the underlying action is likely an indispensable party in the traditional sense and certainly a necessary party in the practical sense.

Because Greentree is absent in this case, the court will exercise its discretion by declining to exercise jurisdiction over this matter. A separate order of dismissal will be entered.

DONE this 22nd day of December, 1997.

<br>

SENIOR UNITED STATES DISTRICT JUDGE